IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| VIKTOR REMSHA, <br><br> Plaintiff, <br><br> v. <br><br> OFFICE OF COMPTROLLER OF CURRENCY <br> 400 7th Street SW <br> Washington, DC 20219 <br><br> Defendant. | CIVIL ACTION NO. 1:25-cv-4265 |

## COMPLAINT

Plaintiff Viktor Remsha, by and through his undersigned counsel, brings this action against Defendant the Office of Comptroller of the Currency ("OCC") to compel compliance with the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq*. Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue in this district is proper pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e)(1).

3. Because Defendant has failed to comply with the applicable statutory time-limit for responding to a request under the FOIA, Plaintiff is deemed to have constructively exhausted his administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i) and is now entitled to judicial action

1

enjoining the agency from continuing to withhold agency records and ordering the production of agency records improperly withheld.

## **PARTIES**

4. Plaintiff, Viktor Remsha, is a New York resident and FOIA requestor.

5. Defendant, the Office of Comptroller of the Currency, is an independent bureau within the U.S. Department of Treasury and a federal agency within the meaning of 5 U.S.C. § 552(f)(1) headquartered at 400 7th Street SW, Washington, DC 20219.  The OCC has possession, custody, and control of records that Plaintiff seeks through his FOIA request.

## **STATEMENT OF FACTS**

6. On November 5, 2025, Plaintiff, through counsel, sent a single, narrowly-tailored FOIA request to the OCC (the "Request"), seeking:

> Documents, records, and communications created any time from July 1, 2025 to present, related to any due diligence performed regarding Requestor or Requester's Interagency Notice of Change in Control for the proposed acquisition of Summit National Bank, FR 2081(a) filed on August 19, 2025 (2025-CBCA-34943[1]), including communications between employees within OCC (or any subsidiary thereof) and other government agencies, including The Federal Reserve System.

A true and correct copy of the Request is annexed as **Exhibit A**.

7. On November 21, 2025, the OCC responded that the status of the Request has been updated to "In Process" and assigned the Request FOIA Control Number 2026-00086-F.  A true and correct copy of the OCC's response letter is annexed as **Exhibit B**.

8. The statutory twenty-working day period for the OCC to provide a determination response to the Request ended on December 5, 2025.

---

[1] The correct OCC Control Number is 2025-CBCA-342943.

9. As of the date of this Complaint, Defendant has failed to: (i) determine whether to comply with the request; (ii) notify Plaintiff of any such determination or the reasons therefore; (iii) advise Plaintiff of the right to appeal any adverse determination; or (iv) produce the requested records or otherwise demonstrate that the requested records are exempt from production.

## COUNT I

### (Violation of FOIA, 5 U.S.C. § 552)

10. Plaintiff repeats and realleges each allegation set forth in the preceding paragraphs and incorporates them by reference herein.

11. Defendant the OCC is an agency subject to FOIA and must therefore release in response to a FOIA request any disclosable records in its possession at the time of the request and provide a lawful reason for withholding any material as to which it is claiming an exemption under FOIA.

12. Plaintiff, through the Request, properly requested records within Defendant's control.

13. Plaintiff has exhausted all administrative remedies under the FOIA as to the Request. To trigger FOIA's administrative exhaustion requirement, Defendant was required to make a final determination on the Request no later than December 5, 2025. Because Defendant failed to make a final determination on the Request within the time limits set by FOIA, Plaintiff is deemed to have exhausted his administrative appeal remedies.

14. Defendant's failure to timely provide a determination on the Request violates the FOIA, 5 U.S.C. § 552(a)(6)(A).

## **REQUESTED RELIEF**

WHEREFORE, Plaintiff respectfully request the Court to:

(1) Order Defendant to conduct a search or searches reasonably calculated to uncover all records responsive to the Request;

(2) Order Defendant to produce, by such date as the Court deems appropriate, any and all non-exempt records responsive to the Request and an index justifying the withholding of any responsive records withheld under claim of exemption;

(3) Enjoin Defendant from continuing to withhold any and all non-exempt records responsive to the Request;

(4) Award Plaintiff attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

(5) Grant such other and further relief as the Court deems just and proper.

Dated: December 8, 2025

Respectfully submitted,

**NELSON MULLINS RILEY & SCARBOROUGH**

*/s/ Charles A. Munn*
Charles A. Munn
James W. Orth
101 Constitution Avenue, NW
Suite 900
Phone: 704-417-3014
Fax:     704-377-4814
charles.munn@nelsonmullins.com
james.orth@nelsonmullins.com

*Attorney for Plaintiff Viktor Remsha*